46 F.3d 1131
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Mark A. JULIAN-BEY, Plaintiff-Appellant,
v.
Lewis UPCHURCH; Marsha Foresman, A.D.W., Defendants-Appellees.
 No. 94-1755.
 United States Court of Appeals, Sixth Circuit.
 Feb. 3, 1995.
 
 1
 Before: KEITH and NELSON, Circuit Judges, and HORTON, District Judge.*
 
 ORDER
 
 2
 Mark Julian-Bey, a pro se Michigan prisoner, appeals a district court judgment dismissing his civil rights action filed pursuant to 42 U.S.C. Sec. 1983. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Seeking monetary relief, Julian-Bey sued two assistant deputy wardens who sat on a state prison security classification committee. Julian-Bey did not state whether he was suing these defendants in their personal capacity or their official capacity.
 
 
 4
 Julian-Bey alleged that the defendants violated his substantive and procedural due process rights when they placed him in administrative segregation on September 23, 1992, based on a false report that he was involved in a conspiracy to escape. He further alleged that the investigation of his escape was concluded on October 5, 1992, yet he remained in administrative segregation until October 13, 1992.
 
 
 5
 After the defendants filed a motion for summary judgment, Julian-Bey moved unsuccessfully to amend his complaint. A magistrate judge then recommended granting the defendants' summary judgment motion. Upon de novo review in light of Julian-Bey's objections, the district court adopted the magistrate judge's recommendation and granted summary judgment in favor of the defendants. This appeal followed. Julian-Bey requests the appointment of counsel.
 
 
 6
 Initially, we note that the district court would have been justified in dismissing the case solely because Julian-Bey did not state the capacity in which the defendants were being sued. Where the complaint is silent, the court assumes that defendants are sued in their official capacities. Wells v. Brown, 891 F.2d 591, 593 (6th Cir.1989). A state employee sued in his official capacity is not subject to suit for monetary damages under 42 U.S.C. Sec. 1983. Will v. Michigan Dep't of State Police, 491 U.S. 58, 70-71 & n. 10 (1989).
 
 
 7
 In addition, summary judgment was proper here because there is no genuine issue of material fact and the defendants are entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).
 
 
 8
 Julian-Bey received all the process he was due in connection with his transfer to administrative segregation. Hewitt v. Helms, 459 U.S. 460, 476 (1983). Where prison officials place an inmate in administrative segregation upon receipt of a notice of intent to violate the law, give the inmate a hearing an opportunity to explain his side of the story, and release him when notified that the prisoner is no longer under investigation, no violation of the procedural aspect of the Due Process Clause occurs. Hewitt v. Helms, 459 U.S. 460, 476 (1983).
 
 
 9
 Julian-Bey's "substantive" due process claim is even more dubious. He alleges that prison officials placed him in administrative segregation on the basis of false information. This is analogous to a claim for malicious prosecution. A clear majority of the Supreme Court has indicated that the Due Process Clause affords no relief for a claim of malicious prosecution. Albright v. Oliver, 114 S.Ct. 807, 814 (1994) (plurality opinion; Rehnquist, C.J., O'Connor, Scalia, and Ginsberg, J.J.); see also id. at 818 (Kennedy and Thomas, J.J., concurring in the judgment); id. at 820 (Souter, J., concurring in the judgment). Consequently, it is questionable under current Supreme Court doctrine whether Mr. Julian-Bey can even state a claim for a substantive due process violation based on "false information." If such a claim were cognizable, however, Mr. Julian-Bey has failed to meet the pre-Albright test; he has not shown that the defendants' conduct constituted an "egregious abuse of governmental power" that "shocks the conscience." Cale v. Johnson, 861 F.2d 943, 949-50 (6th Cir.1988).
 
 
 10
 Finally, the district court did not err when it refused to allow Mr. Julian-Bey to amend his complaint. Such refusal is proper when the court gives a reason for the refusal. See Foman v. Davis, 371 U.S. 178, 182 (1962). Here, the district court properly indicated that the proposed amendments would serve no purpose.
 
 
 11
 Accordingly, we deny Julian-Bey's request for counsel and affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Odell Horton, United States District Judge for the Western District of Tennessee, sitting by designation